IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02537-RM-MJW

BUDDY BAKER,
*on behalf of himself and a class of similarly situated royalty owners*,

Plaintiff,

v.

PDC ENERGY, INC., and
DCP MIDSTREAM, LP,

Defendants.

**ORDER ON DEFENDANT PDC ENERGY, INC.'S
MOTION FOR PROTECTIVE ORDER (Docket No. 48)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

Defendants moved for a protective order barring discovery of the identities and addresses of putative class members at this stage of proceedings. Plaintiffs oppose the motion, and it is now fully briefed. (Docket Nos. 48, 51, & 56.) District Judge Raymond P. Moore referred the motion to the undersigned. (Docket No. 49.) The Court has reviewed the parties' filings, taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Further, the Court has reviewed the parties' filings from Plaintiff's related motion to remand. (Docket Nos. 16, 31, & 39.)

Now being fully informed, the Court makes the following findings of fact, conclusions of law, and order.

## Background

This case was filed in state court as a class action. Defendants removed, invoking jurisdiction under the Class Action Fairness Act of 2005, (CAFA), Pub.L. 109–2, 119 Stat. 4 (2005). Plaintiff has moved to remand; one of Plaintiff's arguments is that the "home state" exception under CAFA applies. More specifically, he argues that the primary defendants and over two-thirds of the putative class members are Colorado citizens—and therefore this Court must decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(4)(B).

During the limited jurisdictional discovery that has been allowed to date, Plaintiff has requested the names and addresses of the putative class members. Plaintiff argues that he needs the information to establish the CAFA exception. Defendants argue that Plaintiff is not entitled to such information until the class-certification stage.

## Discussion

This Court is vested with broad discretion in deciding whether to allow jurisdictional discovery. *Budde v. Ling–Temco–Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975). "'A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Grynberg v. Ivanhoe Energy, Inc.,* 490 Fed. App'x 86, 103 (10th Cir. 2012) (unpublished) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002)). Technically speaking, the home-state exception to CAFA is not matter of jurisdiction but rather one of mandatory abstention—but the standards

for granting limited discovery into the issue do not turn on this distinction. *See Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1339 (D. Utah 2014).

In determining whether to allow discovery for this purpose, courts look to two factors: (1) whether the plaintiff has made a sufficient showing that the home-state exception likely applies, and (2) whether the requested class information is "readily available" to the defendant. *See, e.g.*, *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, 2014 WL 2945741, at *10 (E.D. N.Y. June 30, 2014) ("[G]iven the New York connections in this action, it seems likely that two-thirds of the putative class will consist of New York citizens. . . . Because Plaintiffs have made a substantial showing that more than two-thirds of the putative class are New York citizens and much of the information regarding the putative class is possessed by Defendants, the Court finds that the appropriate way to proceed here is with limited, expedited discovery on the issue of the CAFA exceptions."); *Catron v. Colt Energy, Inc.*, 2013 WL 6016231, at *3 (D. Kan. Nov. 13, 2013) ("The court appreciates that plaintiff has attempted to limit its request to a narrow focus. But it does not appear that the information may be as readily available as plaintiff assumes. And the court does not find plaintiff's initial evidence of the applicability of the local controversy exception to be as strong as plaintiff contends."); *Bey v. Solarworld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1102–03 (D. Ore. 2012) ("[C]ommon sense tells the Court that it is highly likely that greater than two-thirds of the putative class (which consists only of persons who worked for 'SolarWorld' in Hillsboro, Oregon during the relevant time period) were . . . citizens of Oregon.

Nevertheless, Defendants are directed to review their records and allow Plaintiff appropriate discovery, if requested . . . .").

These factors weigh in Plaintiff's favor here. First, Plaintiff has made a sufficient showing that the home-state exception applies. In his motion to remand, and his reply in support thereof, Plaintiff alleges:

- Defendants' predecessor in interest, in related litigation, alleged that over 70% of the purported class were Colorado citizens when removing that related case to federal court;

- This case concerns royalties from gas wells located in Colorado; and

- Defendants provided an affidavit in support of their notice of removal alleging that they currently mail checks to over 400 persons outside the state of Colorado, while the putative class is around 1600 persons;

Collectively, these allegations strongly suggest that the home-state exception might apply. Second, the requested information appears to be readily ascertainable. Defendants are currently making payments to all members of the putative class, pursuant to a previous class-action settlement; presumably, they already have some sort of list kept for this purpose, or some type of database from which a list can be quickly developed. Discovery into this question would impose a *de minimis* burden on Defendants. Limited discovery into the home-state exception is appropriate.

**WHEREFORE,** for the foregoing reasons, it is hereby **ORDERED** that Defendant PDC Energy, Inc.'s Motion for Protective Order (Docket No. 48) is **DENIED**, and further **ORDERED** that Defendants shall provide Plaintiff with the requested discovery.

Dated: December 9, 2014		*/s/ Michael J. Watanabe*
Denver, Colorado		Michael J. Watanabe
		United States Magistrate Judge