**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02537-RM-MJW

BUDDY BAKER, as Trustee for the Buddy Wayne Baker Revocable Trust, on behalf of himself and a class of similarly situated royalty owners,

    Plaintiff,

v.

PDC ENERGY, INC., and
DCP MIDSTREAM, L.P.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff Buddy Baker's Motion for Remand and Request for Attorneys' Fees (ECF No. 16) as well as Defendant PDC Energy, Inc's ("PDC Energy") Motion to Amend its Notice of Removal (ECF No. 19). Both motions are fully briefed and ripe for adjudication.

For the reasons stated below, the Court DENIES PDC Energy's Motion to Amend its Notice of Removal and GRANTS, in part, Plaintiff's Motion for Remand.

**I.   BACKGROUND**

    **A.   The Instant Lawsuit**

On August 7, 2014, Plaintiff filed this action in the District Court of the City and County of Denver, Second Judicial District for the State of Colorado, Case Number 2014 CV 33134.

(ECF Nos. 1-6, 1-7.) In his Complaint[1], Plaintiff brings two claims for damages against PDC Energy: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. (ECF No. 1-7 ¶¶ 74-84.) Plaintiff also brings two claims against Defendant DCP Midstream, L.P. ("DCP Midstream"): (1) breach of contract and (2) unjust enrichment. (ECF No. 1-7 ¶¶ 85-92.) Against both Defendants, Plaintiff brings a claim for declaratory judgment. (ECF No. 1-7 ¶¶ 93-95.) Plaintiff purports to bring these claims on behalf of himself and a class of similarly situated royalty owners (the "Putative Class") pursuant to Rule 23 of the Colorado Rules of Civil Procedure. (ECF No. 1-7 ¶¶ 2-3, 9-14.)

On September 12, 2014, pursuant to 28 U.S.C. § 1441, PDC Energy filed its notice of removal. (ECF Nos. 1, 2.) PDC Energy removed this case on the basis that this action allegedly could have been filed originally in the Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715. (ECF No. 1.) PDC Energy removed this case pursuant to 28 U.S.C. § 1332(d)(2)(A) because it argued that the Court has jurisdiction because the amount in controversy exceeds $5,000,000 in the aggregate; and (2) the parties are diverse. (ECF No. 1 ¶¶ 14, 23, 25.) Initially, PDC Energy argued that Plaintiff Baker is a citizen of Colorado and Defendant DCP Midstream is a citizen of Delaware. (ECF No. 1 ¶ 23.)

On September 19, 2014, Baker moved to remand this matter. (ECF No. 16.) Baker argues that DCP Midstream is a citizen of both Delaware and Colorado pursuant to 28 U.S.C. § 1332(d)(10), and thus PDC Energy failed to demonstrate that the parties are diverse. (ECF No. 16 at 4-6.) Baker further argues that PDC Energy cannot amend its notice of removal. (ECF No.

---

[1] On September 11, 2014, Baker filed his "First Amended Class Action Complaint and Demand for Jury Trial" ("First Amended Complaint") in state court. (ECF No. 1-8.) The allegations in the First Amended Complaint are not significant for the purpose of resolving the motions at issue in this Order. Therefore, the Court will refer to the allegations in Plaintiff's Complaint before the State Court.

16 at 6-10.) Baker also argues, pursuant to 28 U.S.C. § 1332(d)(4)(B), that the Court must decline to exercise jurisdiction under CAFA because two-thirds or more of the members of proposed class and the primary Defendants are citizens of the State in which the action was originally filed. (ECF No. 16 at 10.) Finally, Baker requests attorneys' fees and costs incurred as a result of PDC Energy's improper removal. (ECF No. 16 at 11.)

On September 26, 2014, PDC Energy moved to amend its notice of removal. (ECF No. 19.)

### B. The Related Lawsuit

At the time PDC Energy filed its notice of removal, it also filed a notice that the instant lawsuit was related to a matter then pending before the Court, Case No. 14-CV-1033-RM-MJW, *PDC Energy, Inc. v. DCP Midstream, LP* (the "Related Lawsuit"). (ECF No. 3.) On September 26, 2014, with the approval of Chief Judge Krieger and my concurrence, the instant lawsuit was transferred to me as it was related to Case No. 14-CV-1033-RM-MJW. (ECF No. 18.)

On December 1, 2014, the Related Lawsuit was terminated pursuant to the notice of voluntary dismissal in that case. (ECF Nos. 61, 62 in 14-CV-1033-RM-MJW.)

## II. LEGAL STANDARDS

### A. Amending a Notice of Removal

Pursuant to 28 U.S.C. § 1653, a party may amend defective jurisdictional allegations when such amendment would cure the deficiency. *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969); *see Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 723 (10th Cir. 2007).

### B. Citizenship

Under 28 U.S.C. § 1332(d)(2)(A), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000,

3

exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."

### C. Burden of Proof

The party seeking to remove an action from state court must establish that a federal district court has jurisdiction by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Removal statutes are strictly construed and doubts regarding the propriety of removal are resolved against such action. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005) (citations omitted). The Tenth Circuit Court of Appeals, in accord with instructions from the United States Supreme Court, has held that courts must deny removal jurisdiction if not affirmatively apparent on the record. *Laughlin v. Kmart Corp*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, Case No. 13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).

## III. ANALYSIS[2]

### A. Whether the Parties are Sufficiently Diverse

The primary issue in this matter is whether PDC Energy has carried its burden of establishing that the parties are diverse.

A corporation is a citizen of any State in which it is incorporated or in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Makris v. Tindall*, Case No. 13-CV-00750-PAB, 2013 WL 1222372, at *3 (D. Colo. Mar. 25, 2013). Pursuant to 28 U.S.C. § 1332(d)(10):

---

[2] In Baker's reply brief in support of his motion for remand, Baker argues, for the first time, that PDC Energy failed to carry its burden to establish the Court's jurisdiction because PDC Energy failed to allege in its notice of removal that "the class size is equal to or greater than 100 persons" as required by 28 U.S.C. § 1332(d)(5)(B). (ECF No. 39 at 9.) The Court, however, declines to consider the new argument Baker raises in his reply brief. *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 n.1 (10th Cir. 2011) (citation omitted); *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1079 (D. Colo. 2010) (declining to consider a new argument raised in a reply brief) (citations omitted). Regardless, the Court, based upon a lack of affirmative evidence regarding diversity of citizenship, finds that PDC Energy has not fulfilled its burden of establishing the Court's jurisdiction as set forth herein.

"For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." A natural person is a citizen of the state in which he or she is domiciled. *See Walden v. Broce Const. Co.*, 357 F.2d 242, 245 (10th Cir. 1996).

Pursuant to CAFA, PDC Energy sought to remove, initially, on the basis that Plaintiff Baker is a citizen of Colorado. (ECF No. 1 ¶ 23.) Baker concedes this point. (*See* ECF No. 5 ¶ 1.) PDC Energy noted, initially, that it is a corporation registered in the State of Nevada and has its principle place of business in Colorado. (ECF No. 1 ¶ 23.) Thus, PDC Energy is a citizen of both Nevada and Colorado. *See* 28 U.S.C. § 1332(c)(1). Nonetheless, PDC Energy sought to remove, initially, on the basis that DCP Midstream is a Delaware limited partnership. (ECF No. 1 ¶ 23.) Thus, PDC Energy supported removal by relying upon diversity as between Baker and at least one Defendant—DCP Midstream.

Baker's Complaint alleges that DCP Midstream is a citizen of both Delaware and Colorado. (ECF No. 1-7 ¶ 5.) Baker argues to the Court that DCP Midstream's principal place of business is Colorado. (ECF No. 16 at 6.) PDC Energy now concedes that DCP Midstream is a citizen of Colorado in addition to being one of Delaware. *Parks v. USAA*, Case No. 12-CV-02016-PAB-MJW, 2012 WL 5290170, at *1 n.3 (D. Colo. Oct. 26, 2012); (*see generally* ECF No. 31; ECF No. 19 at 6 (PDC Energy states that "it appears that DCP Midstream may, in fact, be a citizen of Delaware and Colorado").)

PDC Energy moves to amend its notice of removal, relying not solely on the citizenship of Baker but on the "residence" of "at least 400 members" of the putative class. (ECF No. 31 at 3-4; ECF No. 19 at 6-7.) PDC Energy argues that the "putative class includes at least 400 royalty holders *who receive* payment at addresses located in states other than those where PDC

Energy is a citizen—Colorado and Nevada." (ECF No. 19 at 6 (emphasis added).) In support of this assertion, PDC Energy relies upon the affidavit of Michael R. Williams, who is the Director of Revenue Accounting for it. (ECF No. 19-1 at 14-15.) Williams' affidavit, however, contains no evidence regarding "receipt of mail" or "receipt of payment" for these royalty holders. (*See generally* ECF No. 19-1 at 14-15, Michael R. Williams Aff. ¶ 4) Rather, Williams' affidavit specifically states that "PDC Energy makes royalty payments on the proceeds it receives from DCP Midstream to over 400 royalty holders with *mailing address* in states other than Colorado or Nevada. . . ." (ECF No. 19-1 at 15, Williams Aff. ¶ 4 (emphasis added).) Williams' affidavit provides no information as to the nature of these "mailing addresses." Further, mailing addresses do not necessarily reflect receipt of mail. Williams' affidavit does not provide evidence that the royalty payments sent to these "mailing addresses" have not been returned to PDC Energy as undeliverable.

Citizenship and residency are distinct legal concepts. *Walden*, 357 at 245; *Davis & Assocs., PC v. Westchester Fire Ins. Co.*, Case No. 10-CV-03126-REB-CBS, 2011 WL 4479487, *3-4 (D. Colo. Sept. 26, 2011) (holding that specific allegations regarding where an individual is licensed to practice a profession and where an individual resides are sufficient to establish a *prima facie* case of citizenship based on residency); *Nichols v. Golden Rule Ins. Co.*, Case No. 10-CV-00331-PAB-KMT, 2010 WL 1769742, at *3-5 (D. Colo. May 3, 2010). While it is true that the "place of residence is *prima facie* the domicile" of an individual, *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), a "mailing address" does not necessarily reflect one's residence, e.g., post-office boxes. And while it is true that evidence of domicile includes "where a party receives mail," *Alpine Bank v. Hubbell*, Case No. 05-CV-26-EWN-KLM, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008), PDC Energy fails to demonstrate that

the royalty holders actually *receive* the royalty payments at the mailing addresses held by PDC Energy. Rather, Williams' affidavit only demonstrates that PDC Energy *mails* royalty payments to addresses. It does not affirmatively appear in the record that diversity of citizenship exists. Rather, PDC Energy's evidence requires the Court to infer that the parties are diverse. First, the evidence requires the Court to infer that the mailing addresses for royalty holders are addresses for their residences. Second, the evidence requires the Court to infer that the royalty holders actually receive those royalty payments. Thus, PDC Energy has not carried its burden to affirmatively establish on the record that diversity of citizenship exists between the parties.

Because PDC Energy's motion to amend its notice of removal (ECF No. 19) (and its attendant "Amended Notice of Removal" (ECF No. 19-1)) is deficient to establish diversity jurisdiction, the Court denies PDC Energy's motion to amend. *Jenkins*, 218 F. App'x at 723; *Nichols*, 2010 WL 1769742, at *5 (because amendment to the notice of removal would be futile as the residency allegations do not establish citizenship for purposes of establishing diversity, the court denied a party's request to amend a notice of removal).

PDC Energy's motion to amend its notice of removal also includes evidence that it sends royalty payments to royalty holders in Canada. (ECF Nos. 19 at 6; 19-1 at 10; 19-1, Williams Aff. ¶ 4.) Under 28 U.S.C. § 1332(d)(2)(B), the Court has a separate jurisdictional basis for citizens of foreign states in litigation with a defendant who is a citizen of a State. But because PDC Energy did not assert the foreign citizenship of a Putative Class member as a basis in its original notice of removal (*see generally* ECF No. 1), PDC Energy cannot raise this jurisdictional allegation now. *Wood v. Crane Co.*, 764 F.3d 316, 322-24 (4th Cir. 2014); *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).

For these reasons, the Court finds that PDC Energy has not carried its burden of establishing diversity jurisdiction and thus, the Court grants Plaintiff's motion for remand (ECF No. 16). The Court denies PDC Energy's motion to amend its notice of removal (ECF No. 19) as futile. Because PDC Energy fails to establish the existence of minimal diversity, the Court need not reach Plaintiff's additional ground for remand because the burden of establishing jurisdiction did not shift, *i.e.*, the CAFA exception for predominantly local disputes, 28 U.S.C. § 1332(d)(4)(B). *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir 2006).

### B.     Baker's Request for Attorneys' Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), the Court may award costs and actual expenses—including attorneys' fees incurred—as a result of improper removal. The propriety of a fee award under 28 U.S.C. § 1447(c) depends on whether the removing party's position was objectively reasonable at the time it sought removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. (citations omitted). A district court retains "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. Here, Baker, in fact, concedes that PDC Energy may have had an objectively reasonable basis to remove on the foreign citizenship of some royalty recipients. (ECF No. 16 at 6 (anticipating that PDC Energy may move to amend its notice of removal on the basis of "any member of a class of plaintiffs [being] a foreign citizen and any defendant is a citizen of a State").) Thus, an objectively reasonable basis existed for PDC Energy removing the action (though it did not do so on this basis in its original notice).

Further, it may very well be that the royalty checks which PDC Energy mails to royalty holders—outside of Colorado and Nevada—were not returned as undeliverable and were delivered to royalty holders' residences.  Thus, it was objectively reasonable that *a single* royalty holder and Defendants are diverse for the purpose of PDC Energy's seeking removal of this lawsuit initially.

For these reasons, the Court denies Plaintiff's request for attorneys' fees and costs incurred as a result of removal.

## IV.   CONCLUSION

Based on the foregoing, the Court:

(1)   DENIES PDC Energy's Motion to Amend its Notice of Removal (ECF No. 19);

(2)   GRANTS, in part, Plaintiff's Motion for Remand (ECF No. 16), to wit, the Court:

(i) Pursuant to 28 U.S.C. § 1447(c), REMANDS the case to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case Number 2014 CV 33134, and ORDERS the Clerk of the Court to transmit the record in this matter; and

(ii) DENIES Plaintiff's request for attorneys' fees and costs.

DATED this 30th day of December, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

9